IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SEASONS USA, INC., ET AL.<br><br>*Plaintiff,*<br><br>v.<br><br>SCS DIRECT, INC., ET AL.<br><br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§ Civil Action No. 2:22-CV-00409-JRG-RSP<br>§<br>§<br>§<br>§<br>§ |

## REPORT AND RECOMMENDATION

Plaintiffs Seasons USA, Inc. and Seasons (HK) Ltd. (collectively "Seasons") filed this copyright infringement action against SCS for the sale of certain skeletal Halloween decorations. Dkt. No. 1. Currently before the Court is defendant SCS Direct, Inc.'s motion to dismiss for lack of personal jurisdiction and improper venue or in the alternative to transfer to the District of Connecticut. Dkt. No. 8. For the reasons discussed below, it is the recommendation of the undersigned that the motion be **DENIED**.

"A federal court may exercise personal jurisdiction over a nonresident defendant if: (1) the forum state's long-arm statute confers personal jurisdiction over that defendant; and (2) the exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment." *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009). However, "[b]ecause the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry collapses into one federal due process analysis." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). To satisfy due process, the plaintiff must demonstrate: "(1) that the non-resident purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the state; and (2) that the exercise of jurisdiction does not 'offend

traditional notions of fair play and substantial justice.'" *Id*. "There are two types of 'minimum contacts:' those that give rise to specific personal jurisdiction and those that give rise to general personal jurisdiction." *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001). Seasons does not dispute that SCS is not subject to the general jurisdiction of Texas, and thus our inquiry is limited to the exercise of specific jurisdiction. Dkt. No. 12 p 5.

Courts in the Fifth Circuit evaluate whether the exercise of specific jurisdiction is consistent with the Due Process Clause by applying a three-part test, considering: (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable. *McFadin*, 587 F.3d at 759; see also P*ervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 227 (5th Cir. 2012). When a district court rules on a motion to dismiss for lack of jurisdiction without conducting an evidentiary hearing, the plaintiff may bear its burden by presenting a *prima facie* case of jurisdiction. *Wilson v. Belin*, 20 F.3d 648 (5th Cir. 1994).

To determine whether SCS has "minimum contacts" with Texas, the Court "must identify some act whereby it 'purposely avail[ed] itself of the privilege of conducting activities [there], thus invoking the benefits and protections of its laws.'" *Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469–70 (5th Cir. 2006) (citations omitted). "The defendant's conduct must show that it 'reasonably anticipates being haled into court' in [the forum]. Likewise, a defendant may permissibly alter its behavior in certain ways to avoid being subject to suit." *Id*. at 470 (citing *World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

The Fifth Circuit "has consistently held that 'mere foreseeability or awareness [is] a constitutionally sufficient basis for personal jurisdiction if the defendant's product made its way into the forum state while still in the stream of commerce.'" *Id.* (quoting *Ruston Gas Turbines v. Donaldson Co.*, 9 F.3d 415, 419 (5th Cir.1993) (citing *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 111, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987)); further citing *Bean Dredging Corp. v. Dredge Tech. Corp.*, 744 F.2d 1081 (5th Cir.1984)). "Where a defendant knowingly benefits from the availability of a particular state's market for its products, it is only fitting that the defendant be amenable to suit in that state." *Id.* (citing *Oswalt v. Scripto, Inc.*, 616 F.2d 191, 199–200 (5th Cir.1980)). No additional action is required. *Id.* (declining to follow the suggestion of the plurality in *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 112 (1987)).

Seasons' argument for specific jurisdiction relies on SCS's placement of accused products on its Amazon webstore and SCS's knowledge that its products end up in Texas. Without limiting sales to Texas, it is foreseeable that SCS's products may end up in Texas via Amazon. Such contact is sufficient under Fifth Circuit precedent. *Id.*

Next, the underlying cause of action must "arise out of" the SCS's contacts with Texas. Season claims copyright infringement from the sale of allegedly infringing products that traveled through the stream of commerce to Texas. This is sufficient to satisfy the "arises out of" element. *Id.* at 473.

Remaining is whether the exercise of jurisdiction over SCS "would offend traditional notions of fair play and substantial justice." *Id.* (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "If a plaintiff establishes minimum contacts between the defendant and the forum state, the burden of proof shifts to the defendant to show that the assertion of jurisdiction is unfair and unreasonable." *Dontos v. Vendomation NZ Ltd.*, 582 F. App'x 338, 343 (5th Cir. 2014) (citing

*Cent. Freight Lines Inc. v. APA Transp. Corp.*, 322 F.3d 376, 384 (5th Cir.2003)). "To show that an exercise of jurisdiction is unreasonable once minimum contacts are established, the defendant must make a 'compelling case' against it." *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir.1999) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)). "It is rare to say the assertion is unfair after minimum contacts have been shown." *Id*. To determine whether jurisdiction is unfair and unreasonable, the Court may consider "(1) the burden on the nonresident defendant, (2) the forum state's interests, (3) the plaintiff's interest in securing relief, (4) the interest of the interstate judicial system in the efficient administration of justice, and (5) the shared interest of the several states in furthering fundamental social policies." *McFadin*, 587 F.3d at 759–60.

In favor of finding the exercise of jurisdiction reasonable, Texas has legitimate interests in adjudicating a dispute that involves the sale of goods in Texas and to Texas consumers. *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 421 (5th Cir. 1993). Additionally, Seasons has a compelling interest in obtaining relief in the forum where its goodwill and reputation have been damaged as a result of SCS's allegedly infringing sales. Dkt. No. 30 at ECF p 17; accord *Viahart, LLC v. Does 1-54*, No. 6:18-CV-604-RWS-KNM, 2022 WL 4138590, at *9 (E.D. Tex. July 18, 2022), report and recommendation adopted, No. 6:18-CV-00604-RWS, 2022 WL 4137278 (E.D. Tex. Sept. 12, 2022). SCS argues that it has no presence in Texas and travel hereto would be impractical and costly. However, "it is not unreasonable to ask [SCS] to defend in [Texas], where the company avails itself of the benefit of that state's market." *Luv N' care*, 438 F.3d at 474. SCS further argues that judicial economy weighs against the exercise of this Court's jurisdiction because SCS has filed a declaratory judgment action in the District of Connecticut captioned *SCS Direct, Inc. vs. Seasons USA, Inc. and Seasons (HK) Ltd.*, Cause Number 3:22-cv-01594, seeking a declaratory judgment that its products do not infringe on Seasons' copyright. However, suit here

was filed in October of 2022, whereas the declaratory judgment action was filed in December of 2022. The Court finds that SCS's filing of the declaratory judgment action after suit was filed here works against the efficient administration of justice. Considering the co-pendency of the two actions, the public interest in preserving the rights provided by the Lanham Act and the ability of SCS to escape liability is neutral. In sum, SCS has not presented a compelling argument to prevent this Court's exercise of jurisdiction.

Venue for a copyright infringement claim is governed exclusively by 28 U.S.C. § 1400. *Time, Inc. v. Manning*, 366 F.2d 690, 696 (5th Cir.1966). "Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights … may be instituted in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400. A defendant "may be found" where the defendant is subject to personal jurisdiction. *Milwaukee Concrete Studios, Ltd. v. Fjeld Mfg. Co.*, 8 F.3d 441, 445 (7th Cir. 1993) (citing cases interpreting "may be found" to mean that a defendant is subject to the personal jurisdiction of the forum); see also, *Columbia Pictures Television v. Krypton Broad. of Birmingham, Inc.*, 106 F.3d 284, 289 (9th Cir.1997), rev'd on other grounds, *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998); *Palmer v. Braun*, 376 F.3d 1254, 1259 (11th Cir. 2004); *AF Holdings, LLC v. Does 1-1058*, 752 F.3d 990, 996 (D.C. Cir. 2014); *Gen. Design Sign Co. v. Am. Gen. Design, Inc.*, No. CIV. 3:02-CV-2298-H, 2003 WL 251931, at *2 (N.D. Tex. Jan. 31, 2003). Having determined that the Court may exercise personal jurisdiction over SCS, venue is proper.

For the reasons discussed above, it is RECOMMENDED that SCS's motion to dismiss, Dkt. No. 8, be **DENIED**.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by

the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Any objection to this Supplemental Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 9th day of June, 2023.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE